THE FOURTEENTH WARD BUILDING AND LOAN ASSOCIATION OF THE CITY OF NEWARK

*v.*

JOSEPH R. POTTER et al.

[Submitted June 9th, 1916.   Decided June 30th, 1916.]

1. Where under the ordinary tax clause in a mortgage, the mortgagee paid taxes and entered into a further agreement with the mortgagor that he should repay such advances in monthly installments. After default in such monthly payments, and notice of foreclosure for such default, a suit to foreclose the mortgage is not prematurely brought.

2. Where the by-laws of a building and loan association provided a fine for failure to pay dues and interest, and a mortgage held by it provided that on failure to pay dues and fines the principal should become due, the fines for defaults are not a lien on the realty.

On bill to foreclose.

*Mr. Richard Hartshorné (Messrs. Riker & Riker,* solicitors), for the complainant.

*Mr. William A. Lord,* for the defendants.

FOSTER, V. C.

This is an action to foreclose a mortgage dated October 11th, 1913, given by the defendants Joseph R. Potter and wife, to the complainant to secure the payment of a loan of $4,000 with interest, covering lands in East Orange. At the time of obtaining the loan Potter subscribed for twenty shares of complainant's stock, and assigned this stock to complainant as collateral security for the loan.

On February 7th, 1914, the defendant Dora Katz purchased the mortgaged premises subject to complainant's mortgage.

The defendant Dora Katz did not pay the taxes assessed upon the mortgaged premises for the year 1914, and, at her request, and in accordance with the terms of an agreement dated August 3d, 1915, made between the complainant and the defendants Dora Katz and Herman Katz, her husband, complainant, on August 5th, 1915, paid the taxes for the year 1914, amounting to $79.49 and interest.

This agreement, after reciting the execution of the mortgage from Potter and wife to complainant, proceeds with the recital and terms thereof as follows:

"And which said mortgage contains the covenants that the said Joseph R. Potter * * * would pay the taxes * * * levied upon the premises * * * at a time when the same should become due and payable, and also the covenant that upon default in the performance of said agreement to keep the premises free and clear from all taxes * * * it should be lawful for the association * * * to pay all charges for said taxes * * * and the sum * * * so paid should be a lien upon said mortgaged premises payable on demand, with lawful interest, secured by said mortgage, and that should such default in the payment of said taxes * * * continue for the space of three months from the time when the same became due, the principal sum of said mortgage should, at the option of the said association, * * * become due and payable immediately thereafter."

The agreement further stipulates that the association, at the request of Dora Katz and her husband, has agreed to advance $79.49 to pay the 1914 taxes, and that they agree to accept such payment of the taxes

"under the terms of said mortgage and agree to pay to said association the sum of $79.49 and interest and costs to the date of payment, * * * in monthly installments of $16 payable on or before the third Monday of each and every month, until the said sum, advanced * * * by said association with the interests and costs due thereon, is fully paid and satisfied; * * * that the said mortgage shall remain to the said association with all the privileges thereunder as though the said payment had not been made. And it is further agreed that should any of the said monthly installments not be paid at or on the third Monday night of each month when due, that the balance of said $79.49 thus remaining unpaid shall become due and payable at once, and the principal sum of said mortgage or other money due thereunder at the option of said association shall be due and payable."

On September 28th, 1915, complainant notified Mrs. Katz, in writing, that unless the monthly installments, on account of these taxes, were paid for August, September and October, at the October meeting, foreclosure proceedings would be ordered. No attention was paid to this notice, and none of the tax installments were paid, and because of the non-payment of the installments on account of these taxes and the non-payment of said taxes when due, the directors of the association, on October 25th, 1915, at a regular meeting, exercised the option of the association and ordered the mortgage to be foreclosed to collect the amount advanced for taxes, and the balance remaining due on the loan, together with interest, fines, &c.

At the monthly meetings in August, September and October, 1915, Mrs. Katz duly paid complainant $40.40 for the installments for dues, interests and premiums due on the mortgage loan; and at the November meeting she tendered $40 in payment of the dues and interest for that month and the tender was refused.

The defendants contend (1) that this suit to foreclose the mortgage has been prematurely brought, and (2) that if complainant is entitled to a decree, the claim for fines, amounting to $36, should not be included therein.

The first contention is based on certain provisions of the mortgage, and it is claimed that under these provisions, if defendants did not pay the taxes for 1914, complainant was obliged to do so, and that complainant was then obliged to demand repayment from defendants, and if they failed therein and remained in default for three months from the date of such demand, then complainant could foreclose its mortgage; and, as the taxes were paid by complainant on August 5th, 1915, and this bill was filed before the expiration of three months from that date, or before any demand had been made upon the defendant Katz to repay complainant for the taxes paid, that the complainant is without right under the mortgage to maintain this action.

This contention is without force; it ignores the provision of the agreement above set forth and is contradicted by the provisions of the mortgage, which requires defendants, as owners of the property, to pay the taxes when due; and which further provides that

"upon such failure * * * to pay any taxes * * * as herein covenanted * * * the aforesaid principal sum of money shall at the option of complainant be due and payable immediately."

Complainant exercised its option and duly notified defendants that it would foreclose its mortgage if the tax installments were not paid at the October meeting.

The objection to including in the decree for complainant the claim of $36 for fines imposed for non-payment of installments for dues, interest, &c., is based on the contention that the terms of the bond bind the obligor and his heirs, executors and administrators, to pay fines that may be imposed on him or his assigns as the holders of the shares of stock, but does not bind his assigns, and that as Mrs. Katz acquired title to the mortgaged premises after several mediate conveyances, and never had the obligor's stock actually transferred to her on complainant's books, she is in no way obligated to pay fines to the association, and they cannot be imposed upon her.

By the condition of the mortgage it is expressly provided that if the mortgagor, his heirs * * * and assigns, shall regularly pay monthly installments of $40 per month on the third Mon-

day of every month, and shall also pay  *  *  *  all fines * * * which may become due and payable from * * * or charged or imposed upon the mortgagor or his heirs or assigns as the holder of such shares, pursuant to the constitution and by-laws of the association, then the mortgage and bond were to become void.

The association's constitution and by-laws, article 2, sections 5 and 6, provide that if any shareholder neglect or refuse to pay the monthly dues, or interest, every person so neglecting or refusing shall incur a monthly fine of ten per cent. (on the amount of dues payable each month), said fines to be non-cumulative and to be collected in the same manner as dues and interest, and provides that any payment shall be first applied to the payment of dues, interest and fines, in the order in which they have accrued.

The mortgage further provided that upon default by the mortgagor or his * * * assigns, in the payment * * * of any money therein covenanted to be paid as dues, interests or fines, and should such default continue for three months, the principal due on the mortgage shall, at the option of the association, be immediately payable.

It will be observed that there is nothing in any of these provisions of the bond and mortgage or of the constitution and by-laws making the fines part of the debt secured by the mortgage, and authorizing the sale of the mortgaged premises to enforce their collection. Assuming the fines have been properly imposed, and that default has occurred in their payment, results only in holding that then complainant, at its option, could consider the principal debt due and could proceed by foreclosure to collect it with interest. This is all the bond and mortgage and the provisions of the constitution and by-laws referred to therein authorize it to do. There is nothing in any of these provisions showing an intention to make the fines imposed a lien under the mortgage, collectible by the foreclosure thereof, or to take the case out of the rule stated in Bowen v. Lincoln Building and Loan Association, 51 N. J. Eq. (at p. 280), and in Egg Harbor Building and Loan Association v. Baake, 72 N. J. Eq. 603.

A decree will be advised for complainant for the amount owing for principal and interest, and also for the taxes and interest, but not including the claim for fines.